SAMUEL CUMMINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 32763. Promulgated November 17, 1952.

*Henry Pearlman, Esq.*, for the petitioner.
*Francis Butler, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The controversy in this proceeding arises from the respondent's determination that the loss sustained by the petitioner from the sale of his exchange seat was a loss from the sale of a capital asset held for more than six months, the deduction of which is limited by the provisions of section 117 (d) (2) of the Internal Revenue Code.

The petitioner contends that he is entitled to deduct the entire amount of the loss sustained and urges that the exchange seat is property which is specifically excluded from the term "capital assets" in section 117 (a) (1) of the Code.

The pertinent provisions of the Code are set forth in the margin.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—
   (1) if incurred in trade or business; or
   (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or
   (3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return.
   *       *       *       *       *       *       *

Section 117 (a) (1) defines a capital asset to include all property held by a taxpayer, whether or not connected with his trade or business, with certain exceptions. Petitioner was engaged in the business of buying and selling commodities. He bought a seat on the New York Produce Exchange so that he could deal in commodities on the market and save commissions. He was not in the business of selling seats on the exchange. The seat he sold was not, therefore, part of his stock in trade or property held primarily for sale to customers in the ordinary course of his trade or business. Moreover, the fact that he used the exchange seat in connection with his trade or business does not bring it within any of the exceptions listed in section 117 (a) (1) unless it was property of a character which is subject to the allowance for depreciation provided in section 23 (1), or real property used in his trade or business. An exchange seat is intangible personal property and not real property. The fact that ownership of this seat may have given petitioner some indirect interest in property owned by the exchange, which was depreciable and depreciated in value during the

---

(g) CAPITAL LOSSES.—

(1) LIMITATION.—Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117.

\* \* \* \* \* \* \*

(1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

(2) of property held for the production of income. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

\* \* \* \* \* \* \*

SEC. 117. CAPITAL GAINS AND LOSSES.

(a) DEFINITIONS.—As used in this chapter—

(1) CAPITAL ASSETS.—The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include—

(A) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;

(B) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1), or real property used in his trade or business.

\* \* \* \* \* \* \*

(5) LONG-TERM CAPITAL LOSS.—The term "long-term capital loss" means loss from the sale or exchange of a capital asset held for more than 6 months, if and to the extent such loss is taken into account in computing net income.

\* \* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—

\* \* \* \* \* \* \*

(2) OTHER TAXPAYERS.—In the case of a taxpayer, other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus the net income of the taxpayer or $1,000, whichever is smaller.

\* \* \* \* \* \* \*

period he owned the seat, does not entitle him as owner of the seat to any allowance for depreciation. This fact does not determine the character of the seat as a depreciable asset. In order for intangible property to be subject to depreciation, it must have a definitely limited useful life in the trade or business. Treasury Regulations 111, section 29.23 (l)–3. The use of the exchange seat in petitioner's business was not definitely limited in duration. It does not, therefore, qualify as property subject to depreciation which is excluded as a capital asset by section 117 (a) (1). The respondent's determination that the exchange seat sold was a capital asset is approved.

Petitioner also makes the contention that his interest in the seat became worthless, and that he was therefore entitled to deduct its value from his gross income as a loss sustained. In support of this contention he points not only to his testimony to the effect that the value of his seat decreased because there was practically no trading on the exchange during the war but also to other factors, such as the decline in the value of the exchange building and the inability of the exchange to meet its obligations. This contention is without merit. That the seat was not worthless in 1943 is evidenced by the fact that when he sold it he received $350 therefor. He sustained a long term capital loss from this sale the deduction of which was limited, as determined by the respondent, by the provisions of section 117 (d) (2) of the Internal Revenue Code.

*Decision will be entered for the respondent.*